1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  ROGER CLAYTON,                          Case No.: 1:25-cv-00073-KES-SKO

12                  Plaintiff,              ORDER DISMISSING ACTION

13          v.

14  J. DOER, et al.,

15                  Defendants.

16

17      Plaintiff Roger Clayton is a federal prisoner appearing pro se and in forma pauperis in this

18  civil rights action.  This matter was referred to a United States magistrate judge pursuant to 28

19  U.S.C. § 636(b)(1)(B) and Local Rule 302.

20      On November 10, 2025, the Court issued an order declining to adopt findings and

21  recommendations issued by the assigned magistrate judge and ordered plaintiff to take one of the

22  following options within thirty days: (1) file a notice stating his intention to stand on his initial

23  complaint, Doc. 1, which the magistrate judge has recommended be dismissed for the reasons

24  stated in the screening order, Doc. 5; (2) file an amended complaint curing the deficiencies

25  identified in the screening order, Doc. 5; or (3) file a notice voluntarily dismissing this action

26  without prejudice under Federal Rule of Civil Procedure 41.  Doc. 8.  Plaintiff was warned that

27  the failure to timely respond to the Court's order would result in the dismissal of this action.  *Id.*

28  at 3.  On December 2, 2025, the Court's order was returned as "Undeliverable, No Longer at

1  Facility."[1]  *See* docket.  More than thirty days have passed, and plaintiff has not taken any of the

2  options presented in the Court's November 10, 2025 order.

3  Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to

4  comply with court orders and failure to prosecute.  In determining whether to dismiss an action

5  under Rule 41(b) for failure to prosecute or failure to comply with a court order, the Court weighs

6  the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the

7  Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the

8  public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

9  alternatives.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

10  The Court finds that the *Henderson* factors weigh in favor of dismissal.  The public's

11  interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in

12  favor of dismissal because the Court cannot effectively manage its docket nor can the litigation be

13  expeditiously resolved if plaintiff does not litigate his case.  *See Yourish v. Cal.* Amplifier, 191

14  F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always

15  favors dismissal.").  The Court issued an order requiring plaintiff to file a notice stating his

16  intention to stand on his initial complaint, file an amended complaint curing the deficiencies

17  identified in the screening order, or file a notice voluntarily dismissing this action without

18  prejudice under Federal Rule of Civil Procedure 41 and plaintiff has not responded to it.  Doc. 8.

19  As to the third factor, the risk of prejudice to the defendants also weighs in favor of

20  dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the

21  defendant.  *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  While the

22  fourth consideration, that public policy favors disposition of cases on their merits, generally

23  weighs against dismissal, here it lends little support "to a party whose responsibility it is to move

24  a case toward disposition on the merits but whose conduct impedes progress in that direction."  *In*

25  *re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006)

26  (citations omitted).

27

28

---

[1] Though the Court's order was returned as undeliverable, it was properly served.  *See* L.R. 182(f) (absent notice of a pro se party's change of address, service of documents at the prior address of record is fully effective).

Finally, the Court's warning in its November 10, 2025 order, that plaintiff's failure to timely respond to that order would result in dismissal of this action, Doc. 8, satisfies the "considerations of the alternatives" requirement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Additionally, at this stage in the proceedings there is little else available to the court that would constitute a satisfactory lesser sanction given the Court's apparent inability to communicate with plaintiff.

Accordingly,

1. This action is dismissed without prejudice.

2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   December 11, 2025   

UNITED STATES DISTRICT JUDGE